Tracy agt. Veeder.

————◆◆◆————

## SUPREME COURT.

WILLIAM TRACY and others agt. WILLIAM T. VEEDER and OWEN H. GUFFIN, impleaded with others.

There is but one form of *order of arrest* prescribed in the Code, and that is contained in section 183. All orders of arrest must contain the requisites therein stated. They must require the sheriff to arrest the defendant and hold him to bail; and must require this to be done in a specified sum.

The order of arrest issued under subdivision 3 of section 179 must be in form conformable to section 183, the same as an order issued in any other case; and is not required to be in a sum equal to double the value of the property, as stated in the affidavit of the plaintiff accompanying the replevin papers.

Consequently, where the order specifies the sum in which the defendant is to be held to bail at less than double the sum stated in the affidavit, it does not make the order void; and being for the benefit of the defendant, he cannot move to set i aside on that ground.

An order of arrest is not defective because it omits to *recite the subdivision* (of § 179) under which it is issued. Although this would be a convenience, and probably would be better to incorporate such fact in the order, yet it cannot be regarded as absolutely obligatory, because the statute does not require it; and the court must be careful not to put into the statute words which it does not contain.

On a motion to discharge an order of arrest, where there is no sufficient evidence produced that the order was issued under subdivision 3 of section 179, the motion cannot succeed, where it is conceded by the mover that, if the order was not issued under that subdivision, it is unobjectionable.

A defendant cannot succeed on a motion to set aside an order of arrest, by claiming that it was issued under subdivision 3 of section 179, in reference to a *concealment* of the property, which he attempts to explain satisfactory, but upon which

point there is contradictory evidence, while the plaintiff's case is almost undenied upon the point—which is the *gravamen* of the complaint, that *false and fraudulent representations* were made by one of the defendants in the purchase of the property on credit, which would bring the action under subdivision 1 of section 179.

If the defendants, in an action for claim and delivery, claim the benefits of the purchase of the property, which it is alleged was made by their agent fraudulently, although they allege a want of knowledge of such fraudulent purchase, they thereby indorse the agency.

Every ratification of an assumed agency is equivalent to an original authority.

Where the plaintiffs institute proceedings for the claim and delivery of personal property, and thereby obtain a *portion of it*, they do not thereby waive an *order of arrest* against the defendants for the recovery of the remainder, or for damages for its detention, on the ground that the order of arrest must be applicable to the *entire cause of action*, and not to a part only ; and that the plaintiff could not issue execution against the person of the defendants for the portion of the property in th plaintiffs' possession, and therefore could not issue such execution at all; and if not, an order of arrest would be equally improper.

The delivery of a portion of the property to the plaintiffs under the proceedings in replevin is not decisive of their right to retain it. That question has yet to be decided in the action. If decided adversely to the plaintiffs, they must restore all they have thus acquired. If the plaintiffs succeed, they will have judgment for the delivery of so much of the property as they have not already received, or for its value, if not obtainable.

Therefore, the execution can go for no larger amount than the defendants are really bound to pay, nor for anything or any amount for which an execution against the person may not legally issue.

*Albany General Term, March,* 1867.

*Before* PECKHAM, MILLER *and* HOGEBOOM, *Justices.*

APPEAL by defendants from order of special term refusing to vacate order of arrest.

The defendant Veeder was arrested and held to bail, in Albany county, upon papers and affidavits tending to show that he obtained the goods, for the recovery of the possession of which this action was brought, from the plaintiffs, who were merchants in New York, by false representations of the solvency and condition of a firm in Cohoes, to whom they were sold, of which firm he was supposed or represented himself to be one, in connection with the defendant Guffin; and also tending to show that when the sheriff came to seize the goods, at the store in Cohoes, the defendants concealed them, endeavored to prevent access to the store, and to prevent the identification of the goods. Many of these allegations were denied in the opposing affidavits used to resist the

Tracy agt. Veeder.

motion at special term, and were also to some extent corroborated by supplementary affidavits on the part of the plaintiffs.

The motion to discharge the order of arrest was founded principally upon the ground that the application for the order of arrest was under the 3d subdivision of section 179 of the Code, which is as follows: "3. In an action to recover the possession of personal property unjustly detained, where the property, or any part thereof, has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff, and with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof;" and that the evidence did not make out a case under that subdivision; and also that the order of arrest (which was in conformity with the language of section 183 of the Code) was irregular and void, in that it did not specify the cause of arrest, as required by section 187 of the Code, so as to enable the defendant to give an undertaking in conformity with section 211 of the Code, as specified in section 187.

The value of the property was sworn to be about $1,250, and the sum specified in the order of arrest on which the defendant was to give bail was $1,300.

The other material facts appear in the opinion.

R. W. PECKHAM, Jr., *for plaintiffs, respondents.*

N. C. MOAK, *for defendants, appellants.*

HOGEBOOM, J. In this case, I have come to the following conclusions:

1. The order of arrest, assuming it to have been made under subdivision 3 of section 179 of the Code, was correct in point of form.

There is but one form of order of arrest prescribed in the Code, and that is contained in section 183. The present order conforms to it, and I think it governs all cases of orders

of arrest. All orders of arrest must, I think, contain the requisites therein stated, and I do not deem it indispensable that they should contain any other characteristics. As to some of them, it would be quite .convenient, and not impro- per, that they should do so; but I do not see that it is imperative. Every order, it is plain, must require the sheriff to arrest the defendant and hold him to bail. I think every order must require this to be done in a *specified sum.* It is conceded that this is so in ordinary cases, but claimed that it is not so under subdivision 3; or rather (if I understand the argument), that it must be, under subdivision 3, in a sum equal to double the value of the property as stated in the affidavit of the plaintiff accompanying the replevin papers (§§ 187, 211), and that in this case it is not such a sum, but a *less* sum. I think a *less* sum would not make the order void; and being for the advantage of the defendants. they could not set it aside on that ground. I do not find *this* affi- davit among the papers, as it should be for the purposes of the defendants, although it is probable from other papers that the alleged value was some $1,250, while the sum named in the order of arrest was only $1,300.

The order is said to be defective because it does not recite in effect, that it was issued under subdivision 3 of section 179. I see no impropriety, but a convenience that it should be so; but I do not think it obligatory. It would be quite proper—certainly not prohibited—that when issued under other subdivisions of that section, it should recite the fact; but it is not indispensable, and in practice is known to be quite unusual. Why should it be exacted in the one case more than in the other ? If because a different undertaking is required, the answer is, it is always essential to know which kind of undertaking is to be given. How is this to be known ? In various ways : (1.) It *may* be specified in the order, and that is the best way. (2.) It may be ascer- tained from the papers on which the order is granted, or from the statement of the attorney on which, if the sheriff do not

Tracy agt. Veeder.

choose to rely, he may perhaps demand an indemnity, certainly, I think an inspection of the preliminary papers and opportunity to take advice about them. This may occasion inconvenience and delay, and I therefore agree, that it is better to incorporate the fact in the order; but I cannot regard it as absolutely obligatory because the statute does not require it. We must be careful not to put into the statute words which it does not contain.

2. There is no sufficient evidence that the order was granted under subdivision 3 of section 179, and if not, it is conceded to be unobjectionable.

It is true some of the affidavits tend to show what is relied on as a *concealment* of the goods, to wit: a locking up of the store, a destruction of the trade-marks, and a refusal to identify; but these may well have been relied on as evidence of fraud to characterize and aggravate the previous conduct of the parties, rather than as making out by themselves, an independent ground of arrest, founded on the act of concealment. The *gravamen* of the charge seems to rest upon the supposed want of title to the goods in the defendants, growing out of the fraudulent representations of Veeder, as to the persons composing the firm, its solvency, the amount of capital put into the business and other representations of that character, which would have no influence on the question of concealment. Thomas J. Strong, one of the plaintiffs, in his affidavit, which is among those on which the order of arrest was founded, speaks of the action in the following language: " That this action for damages for the wrongful detention and for the claim and delivery of possession of the goods mentioned in the said affidavit of the said William, and of this deponent, was commenced on the 16th day of November, 1866." At all events, the action being capable of being classified under subdivision 1 of section 179, I think we are not called upon to locate it under subdivision 3, in order to nullify an order, which would otherwise be indisputably valid.

3. If these observations are well founded there is no ground for setting aside the order of arrest, as granted upon insufficient evidence, or being without foundation on the facts, whatever may be said of the strength of the defendants' case on the question of concealment, as furnishing a plausible reason why the door of the store was kept locked, and why the trade-marks were removed from the goods, (and even in *these* respects, I should incline to retain the order on the ground that defendant's allegations in these particulars, are to a considerable extent, repelled and overcome by the original affidavits for the order of arrest, and the supplementary affidavits on this motion); the plaintiffs' case is almost undenied upon the point, that false and fraudulent representations were made by William T. Veeder, as to the memership of the firm, the solvency of the firm, the capital embarked, in it, and the material effect these representations had in inducing the credit. It is quite clear that such representations made by the purchaser would vitiate the sale, and entitle the vendors to reclaim the goods. It is supposed their unfavorable influence is obviated by declaring William T. Veeder not to be a partner, and that the partners never authorized such representations, and were ignorant of the fact of their having been made; and yet Caroline A. Veeder does not disclaim them, and if both partners denied them, I think it would not alter the case. They disclaim the agency of William T. Veeder, and yet they sent him to make the purchase, they received the goods, and they insist upon retaining them. They cannot thus repudiate the agent, and yet appropriate to themselves the fruits of the agency. As their title comes through a polluted chanel, it is corrupted and worthless. If they claim the benefit of the purchase, they must be held responsible for the means by which it was consummated. If they were ignorant of them at the time, they must, when knowledge comes, make their election beween repudiating it altogether, or accepting it with the burdens which accompany it. This they have done. They insist on the bei.efit of the

purchase, and they thereby indorse the agency. Every rati-
fication of an assumed agency, is equivalent to an original
authority.

Nor is the assignee of the partners protected from the ope-
ration of this rule. Not being a purchaser for a valuable con-
sideration, he stands in no better position in this respect than
his assignors, and the property is equally subject to be re-
claimed by the vendors as if it were still in their hands.

Perhaps it is a more difficult question to say whether Guf-
fin is subject to an order of arrest for the fraud of Veeder.
Were it necessary to decide the question, I should be inclined
to say he was, if he *adopted* it, and must be held responsible
for the frauds of the agent, if he accepts the ill-gotten gains
acquired by the fraud, as well on the score of liability to ar-
rest, as on the score of losing title to the property itself.
But the question does not seem to arise. Under subdivision
1 of section 179, the defendant may be arrested in all cases,
where the action is for wrongfully taking or converting prop-
erty; and under subdivision 3, in all cases where the defend-
ant has participated in the act of concealment, as it is not
denied that Guffin did, if there was any act of guilty conceal-
ment.

4. The remaining question is, to state it in the language
of the defendants: whether the plaintiffs having instituted
proceedings for a claim and delivery of the property, and
thereby obtained a portion of the goods whereof possession
was sought, waived and were not entitled to process to arrest
the defendants, or either of them.

I am not sure that I precisely comprehend the position of
the defendants, but I understand it to be this: that as the
order of arrest must be applicable to the *entire* cause of action,
and not to a part only, and as the plaintiffs by their process
did, before the order of arrest was granted, obtain possession
of a part of the goods replevied (although only $20 in value),
here was a portion of the goods for which, being in plaintiffs'
possession an execution against the person of the defendants,

could not issue, and hence such execution could not issue at all; and if not, an order of arrest would be equally improper. The delivery of the property, however, to the plaintiffs under the proceedings in replevin, is not decisive of the right of the plaintiffs to retain it. That question has yet to be decided in the action. It may be decided adversely to the plaintiffs, and in such event the plaintiffs must restore all they have thus acquired. If the plaintiffs succeed, they will have judgment for the delivery of the property, or for its value; but I think only for the delivery of so much of it, as they have not already received, and if not obtainable only for the *value* of so much as should have been delivered. There is no possibility, therefore, that the execution can go for any larger amount than the defendants are really bound to pay, nor for any thing, or any amount, for which an execution against the person may not legally issue.

As I understand the proposition, it is not well taken.

These embrace all the points presented. I think none of the objections to the order of arrest are tenable, and that the order of the special term should be *affirmed*, with ten dollars costs of appeal.

PECKHAM, J., concurred.

MILLER, J. wrote an opinion for affirmance.